# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ARDENT COMPANIES, INC., a Louisiana corporation; and DOES 1
through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EDGAR OROZCO, an individual, for himself and those similarly
situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
2/23/2018 12:12 PM
By: Terri Chavez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):* 18CV00925

Santa Barbara County Superior Court
1100 Anacapa Street, Santa Barbara, CA 93101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael A. Strauss, Esq. - Strauss & Strauss, APC, 121 N. Fir St., Ste. F, Ventura, CA 93001; (805) 641-6600

| DATE: *(Fecha)* | 2/23/2018 | Clerk, by *(Secretario)* | /s/ Terri Chavez | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ardent Companies Inc. a Louisiana Corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 3/5/18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael A. Strauss - SBN 246718;  Aris E. Karakalos - SBN 240802<br>Strauss & Strauss, APC<br>121 N. Fir Street, Ste. F<br>Ventura, CA 93001<br>TELEPHONE NO.: (805) 641-6600     FAX NO.: (805) 641-6607<br>ATTORNEY FOR *(Name)*: Plaintiff and the Putative Class | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>2/23/2018 12:12 PM<br>By: Terri Chavez, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Barbara
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Barbara, CA 93101
BRANCH NAME: Anacapa

CASE NAME:
Edgar Orozco v. Ardent Companies, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 18CV00925 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
**4.** Number of causes of action *(specify)*: Four (4)
**5.** This case [✓] is  [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 23, 2018
Aris E. Karakalos
_____      _____
(TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 1100 Anacapa Street<br>CITY AND ZIP CODE: Santa Barbara CA 93101<br>BRANCH NAME: Anacapa | **FILED**<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA<br>**02/26/2018**<br>Darrel E. Parker, Executive Officer<br>BY  Chavez, Terri<br>Deputy Clerk |
| CAPTION:<br>**Edgar Orozco vs Ardent Companies Inc** | |
| **ORDER AND NOTICE OF CASE ASSIGNMENT;<br>NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**18CV00925** |

The above case is hereby assigned to Judge **Colleen K Sterne** for ALL purposes, including trial. All future matters, including ex-parte matters, are to be scheduled with the assigned judge. Counsel shall include the name of the assigned judge in the caption of every document filed with the court. The above-entitled case is hereby ordered set for:

**Case Management Conference on 06/25/2018 at 8:30 AM in SB Dept 5 at the court address above.**

PLAINTIFF SHALL GIVE NOTICE of this assignment to ALL parties brought into the case, including but not limited to defendants, cross-defendants and intervenors. A Proof of Service of this ORDER & NOTICE OF CASE ASSIGNMENT is to be filed with the Court within five (5) working days after service. Failure to give notice and file proof thereof or failure to appear may result in the imposition of sanctions. Pursuant to California Rule of Court 3.725, no later than fifteen (15) calendar days before the date set for the Case Management Conference, each party must file a Case Management Statement (Judicial Council form CM110). In lieu of each party filing a separate Case Management Statement, any two or more parties may file a joint statement.

At the Court's discretion counsel, parties and insurance representatives (if any) with full settlement authority may be required to attend a CADRe Information Meeting within ten (10) days of the Conference date.

Dated: _2/26/2018_

_Michael Carrozzo_

Judge of the Superior Court
Michael Carrozzo

---

### CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this action and that a true copy of the foregoing was mailed first class, postage prepaid, in a sealed envelope addressed as shown, and that the mailing of the foregoing and execution of this certificate occurred at (place): Santa Barbara, California on: 02/26/18.

Michael A Strauss
Strauss & Strauss APC
121 N Fir St Ste F
Ventura      CA 93001

---

| Darrel E. Parker, Executive Officer | By | Terri Chavez | Deputy Clerk |
|---|---|---|---|

| SC-2028 [Rev. 7/1/02] | ORDER & NOTICE OF CASE ASSIGNMENT<br>NOTICE OF CASE MANAGEMENT CONFERENCE | Local Rule 1309<br>CRC 3.222 |
|---|---|---|

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
2/23/2018 12:12 PM
By: Terri Chavez, Deputy

Michael A. Strauss (State Bar No. 246718)
mike@strausslawyers.com
Aris E. Karakalos (State Bar No. 240802)
aris@strausslawyers.com
Andrew C. Ellison (State Bar No. 283884)
andrew@strausslawyers.com
**STRAUSS & STRAUSS, APC**
121 N. Fir St., Suite F
Ventura, California 93001
Telephone: (805) 641.6600
Facsimile: (805) 641.6607

Attorneys for Plaintiff Edgar Orozco and the Putative Class

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| EDGAR OROZCO, an individual, for himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARDENT COMPANIES, INC., a Louisiana corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  18CV00925<br><br>**PUTATIVE CLASS ACTION**<br><br>**COMPLAINT;**<br>**DEMAND FOR JURY TRIAL** |

**TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

COMES NOW, Plaintiff EDGAR OROZCO ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of Defendants ARDENT COMPANIES, INC., a Louisiana corporation doing business in California ("ARDENT"), and Does 1 through 100, and each of them, for legal relief to redress unlawful violations of

1

1  Plaintiff's rights under California law and the rights of those similarly situated.  Plaintiff bring

2  his claims against Defendants as a California statewide class action pursuant to California

3  Code of Civil Procedure section 382.

## INTRODUCTION

4  

5      1.    California wage-and-hour laws apply within its territorial boundaries.  *Sullivan*

6  *v. Oracle Corp.*, 51 Cal.4th 1191, 1197.  California's wage-and-hour laws apply to work

7  performed in its coastal waters, including waters outside the state's territorial boundaries.

8  *California Tidewater Marine W., Inc. v. Bradshaw*, 14 Cal. 4th 557, 579 (1996).  Those same

9  laws apply on oil platforms on the Outer Continental Shelf off the coast of California.  *Newton*

10  *v. Parker Drilling Mgmt. Servs., Ltd.*, --- F.3d --- , 2018 WL 706490, *15 (9th Cir. Feb. 5,

11  2018).

12      2.    Defendants provide services to drilling operations off the California coast,

13  including on fixed oil platforms on the Outer Continental Shelf.  Defendants employ hourly

14  employees who work on these oil platforms and travel between them when necessary.

15  Defendants mandate that these hourly workers perform their work in "hitches," which are

16  multiple-day shifts (varying in length) that begin and end in California and are also spent

17  either on vessels traveling to, back from, or between oil platforms or on the oil platforms

18  themselves.

19      3.    The employees' hitches begin on California soil, where the employees wait for a

20  vessel to transport them to an oil platform.  While they wait, Defendants mandate that the

21  employees attend safety briefings.  The employees board their vessel and travel to an oil

22  platform on the Outer Continental Shelf.

23      4.    Some employees travel to and back from their designated platform by helicopter.

24  The process is similar to trips aboard a vessel.  The primary difference is the length of the trip.

25      5.    Regardless of which method of travel the employees take to their platform, it is

26  impossible for employees to take their own vessel and/or helicopter to reach the platform.

27  They must use the transportation provided by Defendants.

28  //

6.    During these hourly employees' hitches, they cannot realistically leave their vessel, helicopter, or oil platform.  Their confinement ends only upon their return to California soil, when they disembark from the vessel or helicopter.

7.    California law mandates the payment of wages for every hour worked.  *Armenta v. Osmose, Inc.*, 135 Cal.App.4th 314, 324 (2005).   California employers must also pay overtime premium wages for all hours worked in excess of eight in one day or over 40 in one workweek and double-time premium wages for all hours worked in excess of 12 in one day. Lab. Code § 510(a).

8.    California law defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." 8 Cal. Code Regs. § 11160(2)(J).  "An employee who is subject to an employer's control does not have to be working during that time to be compensated."  *Morillion v. Royal Packing Co.*, 22 Cal.4th 575, 592 (2000). "'When an employer directs, commands or restrains an employee from leaving the work place ... and thus prevents the employee from using the time effectively for his or her own purposes, that employee remains subject to the employer's control. According to [the definition of hours worked], that employee must be paid.'"  *Id.* at 583.  An employer cannot exclude sleep time for employees working shifts of 24 hours.  *Mendiola v. CPS Sec. Sols., Inc.*, 60 Cal.4th 833, 848-49 (2015).

9.    Defendants violated these key principles of California wage-and-hour law. Defendants' hourly employees were restrained to their workplace for the entirety of their hitches.  They could not use the time effectively for their own purposes and always remained subject to Defendants' control.  Defendants, in contravention of California law, maintained a policy and practice of paying their hourly employees for twelve hours each day.  Defendants maintained a policy whereby it did not pay their hourly employees for controlled stand-by time, typically time spent on the platform between 6 p.m. and 6 a.m. (and relieving employees worked the 6 a.m. to 6 p.m. shift), even though this entire time was on-call time and even though their hourly employees were deprived several freedoms during this time.   In short,

1  Defendants violated California law by not treating as compensable hours worked every hour
2  their hourly employees were restrained to the workplace, i.e., on Defendants' vessels and
3  platforms, including sleeping time, and time spent on California soil.

4      10.  Plaintiff is one of the hourly employees impacted by Defendants' illegal wage-
5  and-hour policies.  He seeks relief on a collective and class-wide basis challenging the
6  unlawful business practices engaged in by Defendants of failing to properly compensate
7  Plaintiff and all others similarly situated for all wages owed, denied meal and rest periods, and
8  various other related penalties under California Labor Code.  Plaintiff also seeks equitable
9  relief under the California Unfair Competition Law, Business and Professions Code section
10  17200 *et seq.* (the "UCL"), which is predicated on Defendants' violation of California laws
11  regarding the payment of wages.  The UCL claim seeks to obtain disgorgement and restitution
12  of all ill-gotten gains from the unlawful conduct alleged herein and an injunction preventing
13  Defendants from continuing to violate California law.

14                          **THE PARTIES**

15      11.  At all times herein mentioned, Plaintiff EDGAR OROZCO was an hourly
16  employee of Defendants, working off the coast of and in the State of California, within the last
17  four (4) years as an Electrician.

18      12.  Plaintiff stopped working for Defendants in or around May 2016.

19      13.  At all times herein mentioned and relevant, Plaintiff was and is an individual
20  residing in Rialto, California, in the County of San Bernardino.

21      14.  At all times herein mentioned, Plaintiff is informed and believes and, based on
22  such information and belief, thereon alleges that ARDENT is a Louisiana corporation which
23  maintains offices in Kern County, California, at 4824 Rosedale Lane, #A, Bakersfield,
24  California 93314, and Los Angeles County, California at 1250 E 223rd
25  St, Carson, California 90745

26      15.  ARDENT, however, causes its employees to perform work in Santa Barbara
27  County, California, namely on platforms located within the Santa Barbara Channel and on the
28  mainland (Goleta, California, where employees typically embark and disembark during their

1    multi-day hitches on off-shore platforms).

2        16.    The true names and capacities, whether individual, corporate, associate,

3    representative or otherwise, of the defendants identified herein as Does 1 through 100,

4    inclusive, are unknown to Plaintiff, who therefore sue these defendants by said fictitious

5    names. Plaintiff will amend this Complaint to allege the true names and capacities of Does 1

6    through 100 when they have been ascertained. Does 1 through 100 are in some manner legally

7    responsible for the wrongs and injuries alleged herein.

8        17.    Each of the Defendants acted as the agent or employee of the others and each

9    acted within the scope of that agency or employment.

10                          **VENUE AND JURISDICTION**

11        18.    Venue is appropriate in the Santa Barbara County Superior Court because, on

12   information and belief, Defendant conducts business within said County.   The unlawful

13   employment practices complained of herein occurred within the State within said County as

14   well as on oil platforms located off the shores of California.

15        19.    Further, it is alleged that the unlawful employment practices complained of

16   herein were authorized, approved or otherwise ratified by Defendants, at least in part, within

17   Santa Barbara County, California.

18        20.    Defendants cause their employees to perform work in Santa Barbara County,

19   California, namely on platforms located within the Santa Barbara Channel and on the

20   mainland (Goleta, California, where employees typically embark and disembark during their

21   multi-day hitches on off-shore platforms).

22                          **CLASS ACTION ALLEGATIONS**

23        21.    Plaintiff brings the causes of action stated herein on his own behalf and on

24   behalf of all persons similarly situated.  The class consists of all current and former hourly

25   employees of Defendants, who, at any time within four years from the date of filing of this

26   lawsuit, worked on oil platforms off of the California coast for periods of 24 hours or more

27   (hereinafter the "Putative Class").

28   //

22.     The Putative Class represents over 25 persons and is so numerous that the joinder of each member of the putative class is impracticable.

23.     There is a well-defined community of interest in the questions of law and fact affecting the class Plaintiff represents. The Putative Class members' claims against Defendants involve questions of common or general interest, in that each was employed by Defendants, and each was not paid wages owed based on the same failure to compensate for all hours during which they were subject to the control of Defendants, including hours in excess of their scheduled shifts and during meal and rest periods.   These questions are such that proof of a state of facts common to the members of the Putative Class will entitle each member to the relief requested in this complaint.

24.     The members of the Putative Class that Plaintiff represents have no plain, speedy or adequate remedy at law against Defendants, other than by maintenance of this class action, because Plaintiff is informed and believes, and on such information and belief alleges, that the damage to each member of the Putative Class may be relatively small and that it would be economically infeasible to seek recovery against Defendants other than by a class action.

25.     Plaintiff will fairly and adequately represent the interest of the Putative Class, because Plaintiff is a member of the Putative Class, and Plaintiff's claims are typical of those in the Putative Class.

26.     Plaintiff is a former employee of Defendants, and was assigned to work on several platforms off the coast of California, but was assigned to stay overnight during his hitches on various platforms located off of California's coast, namely in Santa Barbara County.

27.     Plaintiff was employed by Defendants during the four years preceding the filing of the Complaint.

28.     Plaintiff worked as an Electrician.

29.     Plaintiff was at all relevant times herein alleged paid an hourly rate.

30.     Plaintiff stopped working for Defendants on or around May 2016.

//

COMPLAINT

31.     During the employment with Defendants, Plaintiff sometimes worked on an oil platform (or platforms) in the California coastal waters, performing non-exempt work.

32.     During the employment with Defendants, Plaintiff sometimes worked onshore in California, performing non-exempt work.  Each of Plaintiff's hitches (multi-day periods of work) began onshore in California and ended onshore in California.

33.     Plaintiff typically received pay for only 12 hours each day while on the oil platforms, but nothing for the remaining 12 hours of restricted/controlled stand-by which were also spent on the platforms.

34.     Plaintiff did not receive compensation for all hours worked on the platform.

35.     Plaintiff could not reasonably leave the platform during his multi-day shift.

36.     Plaintiff could not leave the platforms for his meal or rest periods.

37.     As a consequence of not being able to leave the platform for his meal or rest periods, he would remain subject to Defendant's control, "on duty," and "on call" as those terms are defined under California law.  All time subject to an employer's control is compensable, and on-duty and on-call meal and rest periods are not permitted under California law.

38.     For each on duty meal or rest period, a California employer is required to pay its employees one extra hour of pay at their normal hourly rate (known as a meal or rest period "premium" wage).

39.     Defendants did not pay Plaintiff one extra hour of pay for each on duty meal period.  Nor did Defendants pay Plaintiff an extra hour of pay for each on duty rest period, as required by California law.

## FIRST CAUSE OF ACTION

### *Failure to Pay California Overtime and Double-time Premium Wages*

### (Action Brought By Plaintiff On Behalf Of Himself

### And the Putative Class Against All Defendants)

40.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully

7

1   set forth herein.

2       41.     California law requires payment of overtime premium pay for all hours worked

3   by non-exempt employees in excess of eight in one day or 40 hours in one week and for the

4   first eight hours on the seventh-straight day of work in one workweek.  Lab. Code § 510; 8

5   Cal. Code Regs. § 11160, subd. 3(A).  It further requires payment of double-time premium pay

6   for all hours worked by non-exempt employees in excess of twelve hours in one day or in

7   excess of eight hours on the seventh-straight day of work in a single workweek.  Lab. Code §

8   510; 8 Cal. Code Regs. § 11160, subd. 3(A).

9       42.     Plaintiff and the Putative Class regularly worked hours for which they were not

10  paid the overtime or double-time premium wages under California law.  Defendants violated

11  the California Labor Code's overtime and double-time provisions in numerous respects,

12  including but not limited to the following:

13          a.      Failing to compensate Plaintiff and the Putative Class at the proper

14  overtime rate for all hours worked in excess of eight (8) in a workday, forty (40) in a

15  workweek, or on the seventh (7th) straight day in a workweek or at the proper double-time rate

16  for all hours worked in excess of twelve (12) in a workday or in excess of eight (8) on the

17  seventh (7th) straight day of work in a workweek for the following categories of hours

18  worked:

19              i.      Time spent on the employer's premises due to the reasonable

20  inability to leave;

21              ii.     Time spent on-call on the employer's premises and engaged to

22  wait as those terms are defined by California regulations and case law;

23              iii.    Time spent donning, doffing, and retrieving job-related protective

24  gear (such as fire-retardant clothing) before and after working their 12-hour shifts;

25              iv.     Time spent "handing off" a shift to the relief employee and/or

26  receiving such a hands off from the employee who was relieved;

27              v.      All time spent traveling to and back from shore, including but not

28  limited to time spent waiting for the ship to take them to the platform or back to shore;

1          vi.     All time spent responding to alarms and drills or other calls to

2   muster after hours; and

3          vii.     To the extent such a claim is not subsumed by the aforementioned

4   situations, time spent sleeping on the employer's premises; and

5          b.     Failing to compensate Plaintiff and the Putative Class at the correct

6   overtime rate of pay for overtime hours worked because Defendants failed to include the

7   following in the Putative Class's regular hourly rates of pay:

8          i.     Compensation for performance-related bonuses;

9          ii.     Compensation for meals provided by the employer; and

10         iii.     Compensation for lodging provided by the employer.

11      43.     Plaintiff and the Putative Class seek such overtime and double-time premium

12  wages owed to them for the three-year period measured backward from the date of the filing of

13  the initial Complaint in this matter.  (In the Unfair Competition cause of action stated herein

14  and brought pursuant to the UCL, Plaintiff and the Putative Class seek restitution of unpaid

15  overtime and double-time wages due for the four-year period measured backward from the

16  date of the filing of the initial Complaint in this matter.)

17      44.     The exact amount of overtime and double-time premium wages owed will not be

18  fully ascertained until discovery is completed.   Until Defendants produce the necessary

19  documents for an accounting, Plaintiff is unable to determine the exact amount of overtime

20  and double-time premium wages owed.

21      45.     Plaintiff seeks interest on all overtime and double-time premium wages owed to

22  them for the three-year period measured backward from the date of the filing of the initial

23  Complaint in this matter pursuant to Labor Code section 1194.  (In the Unfair Competition

24  cause of action stated herein and brought pursuant to the UCL, Plaintiff and the Putative Class

25  seek interest on all unpaid overtime and double-time wages due for the four-year period

26  measured backward from the date of the filing of the initial Complaint in this matter.)

27      46.     Pursuant to Labor Code section 1194, Plaintiff requests the Court to award

28  Plaintiff's reasonable attorney's fees and costs incurred in this action.

## SECOND CAUSE OF ACTION

### *Failure to Provide Lawful Meal and Rest Periods*

### (Action Brought By Plaintiff On Behalf Of Himself

### And the Putative Class Against All Defendants)

47.     Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

48.     California law provides that no employer shall employ any person for a work period of more than five hours without a meal period of not less than 30 minutes.  Lab. Code §§ 226.7, 512, 8 Cal. Code Regs. § 11160, subd. 10.

49.     Employees are entitled to "a paid 10-minute rest period per four hours of work." *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, 870; 8 Cal. Code Regs. § 11050, subd. 12(A).  "State law prohibits on-duty and on-call rest periods.  During required rest periods, employers must relieve their employees of all duties and relinquish any control over how employees spend their break time." *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 385-386 (2016).

50.     "If an employer fails to provide an employee a ... meal ... period in accordance with a state law..., the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the ... meal ... period is not provided." Lab. Code § 226.7; 8 Cal. Code Regs. § 11160, subd. 10.

51.     "If an employer fails to provide an employee a ... rest ... period in accordance with a state law..., the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the ... rest ... period is not provided." Lab. Code § 226.7(c); 8 Cal. Code Regs. § 11160, subd. 10.

52.     Defendants have intentionally and improperly denied meal and rest periods to Plaintiff and the Putative Class in violation of Labor Code sections 226.7 and 512 and 8 Cal. Code Regs. § 11160, subd. 10.

//

10

**COMPLAINT**

53.   At all times relevant hereto, Plaintiff and the other members of the Putative Class have worked more than five hours in a workday (and often more than ten, fifteen hours, and twenty hours).   At all relevant times hereto, Defendants have failed to provide meal periods for every five-hour work period and to provide rest periods for every four hours of work as required by California law, because Plaintiff and the Putative Class could not reasonably leave the work premises and were not relieved of all duty and subject to their employer's control for their meal and rest periods.

54.   Plaintiff and the other members of the Putative Class are informed and believe, and based upon that information and belief allege, that Defendants know or should have known that Plaintiff and the Putative Class were entitled to lawful meal and rest periods but purposely elected not to provide these mandated periods.

55.   Plaintiff seeks meal and rest period premium wages owed to him and the Putative Class for the three-year period measured backward from the date of the filing of the initial Complaint in this matter.   (In the Unfair Competition cause of action stated herein and brought pursuant to the UCL, Plaintiff and the Putative Class seek restitution of unpaid meal and rest period premium wages due for the four-year period measured backward from the date of the filing of the initial Complaint in this matter.)

56.   The exact amount of meal and rest period premium wages owed will not be fully ascertained until discovery is completed.   Until Defendants produce the necessary documents for an accounting, Plaintiff is unable to determine the exact amount of meal period premium wages owed.

57.   Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2."   Plaintiff and the Putative Class seek such interest on all meal and rest period premium wages owed to them for the three-year period measured backward from the date of the filing of the initial Complaint in this matter.   (In the Unfair Competition cause of

1  action stated herein and brought pursuant to the UCL, Plaintiff and the Putative Class seek

2  interest on all unpaid meal and rest period premium wages due for the four-year period

3  measured backward from the date of the filing of the initial Complaint in this matter.)

4  <center>**THIRD CAUSE OF ACTION**</center>

5  <center>*Unfair Competition*</center>

6  <center>**(Action Brought By Plaintiff On Behalf Of Himself**</center>

7  <center>**And the Putative Class Against All Defendants)**</center>

8      58.    Plaintiff incorporates by reference and re-alleges each and every one of the

9  allegations contained in the preceding and foregoing paragraphs of this Complaint as though

10  fully set forth herein.

11      59.    This cause of action is being brought pursuant to California Business and

12  Professions Code section 17200 et seq. and California case law including *Cortez v. Purolator*

13  *Air Filtration Products Co.*, 23 Cal.App.4th 163 (2000).

14      60.    It is alleged that Defendants have willfully failed to pay Plaintiff and the Putative

15  Class, overtime, double-time, meal, and rest period premium wages under California law as

16  alleged throughout this Complaint.  The failure to pay such premium wages constitutes unfair

17  business practices under California Business and Professions Code section 17200.

18      61.    As a result of the conduct of Defendants, Defendants profited from breaking the

19  law.  Plaintiff and the Putative Class seek disgorgement of this unlawfully obtained benefit

20  (plus interest thereon) for the four-year period measured backward from the date of filing of

21  the initial Complaint in this matter.

22      62.    California Business and Professions Code section 17203, under the authority of

23  which a restitutionary order may be made, provides:

24          Any person who engages, has engaged, or proposes to engage in

25          unfair competition may be enjoined in any court of competent
           jurisdiction.    The court may make such orders or judgments,

26          including the appointment of a receiver, as may be necessary to
           prevent the use of employment by any person of any practice

27          which constitutes unfair competition, as defined in this chapter, or

28          as may be necessary to restore to any person in interest any money

<center>12</center>

or property, real or personal, which may have been acquired by means of such unfair competition.   Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure, but these limitations do not apply to claims brought under his chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.

Bus. & Prof. Code § 17203.

63.   As a result of the alleged aforesaid actions, Plaintiff and the Putative Class have suffered injury in fact and have lost money as a result of such unfair competition.   It is requested that this Court order restitution under the UCL.

64.   Plaintiff also seeks an injunction preventing Defendants from continuing to violate California's wage-and-hour laws.

## FOURTH CAUSE OF ACTION

### (Violation of Labor Code § 203 – Alleged by Plaintiff

### Against All Defendants)

65.   Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as though fully set forth herein.

66.   Pursuant to California Labor Code section 203, it is alleged that Defendants have willfully failed to pay without abatement or reduction all of the wages of Plaintiff.

67.   Defendants are aware that they owe the wages claimed, yet have willfully failed to make payment.

68.   As a result of Defendants willful failure to pay all wages owed at termination, Plaintiff seeks wages and penalties pursuant to Labor Code section 203.   According to Labor Code section 203, these penalties consist of up to 30 days of pay for Plaintiff at his regular rate of pay, including overtime.

69.   Plaintiff has been available and ready to receive wages owed to him.

70.   Plaintiff has never refused to receive any payment, nor has Plaintiff been absent from his regular place of residence.

13

COMPLAINT

71.     Defendants' failure to pay wages due and owing to Plaintiff as indicated in prior paragraphs was willful.  Defendants have knowingly refused to pay any portion of the amount due and owing Plaintiffs.

72.     Pursuant to Labor Code sections 218.5, Plaintiff requests the Court to award him reasonable attorney's fees and costs incurred in this action.

73.     Plaintiff also request all unpaid wages, Labor Code section 203 penalties and interest.  The exact amount of actual wages and Labor Code section 203 penalties owed will not be fully ascertained until discovery is completed.  Until Defendants produce the necessary documents for an accounting, Plaintiff is unable to determine the exact amount of wages and Labor Code section 203 penalties owed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Putative Class demand judgment against Defendants, and each of them, as follows:

1.     For overtime, double-time, meal period, and rest period premium wages owed under California law according to proof;

2.     For prejudgment interest pursuant to Labor Code sections 218.6 and 1194 and Civil Code sections 3288 and 3291 on all amounts claimed;

3.     For attorney's fees and costs pursuant to Labor Code sections 218.5, 1194, and 2802(c);

4.     For wages and penalties pursuant to Labor Code section 203.

5.     For an equitable order/injunction, ordering Defendants to comply with California law and to pay all Putative Class members all wages and interest they are owed;

6.     For an appointment of a receiver to perform an accounting of all monies owed to these employees;

7.     For any and all injunctive relief this Court deems necessary pursuant to Business and Professions Code section 17203;

//

//

14

**COMPLAINT**

1      8.     For costs of suit; and

2      9.     For any other and further relief that the Court considers just and proper.

3

4  DATED: February 23, 2018              **STRAUSS & STRAUSS, APC**

5

6                           By: _____

7

8                            Michael A. Strauss
                                Aris E. Karakalos

9                            Andrew C. Ellison
                                Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

**COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2    Plaintiff Edgar Orozco hereby demands a trial by jury.

3

4    DATED: February 23, 2018                **STRAUSS & STRAUSS, APC**

5

6                                            By:

7                                            _____

8                                            Michael A. Strauss
     Aris E. Karakalos
9                                            Andrew C. Ellison
     Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

**COMPLAINT**